{¶ 24} I concur on the first assignment of error, but respectfully dissent on the second because R.C. 2929.19(B)(2) does not require that the court recite language contained within R.C. 2929.14(C) at the sentencing hearing. I would affirm the trial court in all respects and the sentence of 16 years as given.
 {¶ 25} The majority cites to State v. Edmonson (1999),86 Ohio St.3d 324, 329, to state that before imposing a maximum sentence, the record must "contain a finding that the offender fits within one of the categories of offenders in R.C.2929.14(C)" even though it is undisputed that 2929.14(B)(2)(d) and (e) did not require the findings. In my view, this is notEdmonson's holding.
 {¶ 26} The court in Edmonson was reviewing a maximum sentence on a single offense by a first time offender. The court first discussed what was required for a prison term to be imposed, and then turned to the issue of the maximum term, explaining that the statutes to be considered were R.C. 2929.14
(C) and 2929.19 (B)(2)(d):
 {¶ 27} "The first establishes the public policy disfavoring maximum sentences except for the most deserving offenders and reads as follows:
 {¶ 28} `The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *.' (Emphasis in original.) R.C. 2929.14 (C)." State v. Edmonson (1999),86 Ohio St.3d 324, 329.
 {¶ 29} The other statute at issue, R.C. 2929.19 (B)(2)(d), sets the procedure that a trial court must follow when imposing the maximum sentence on an offender for a single offense. As applicable to Edmonson, R.C. 2929.19(B)(2)(d) requires a trial court to "`make a finding that gives its reasons for selectingthe sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons for imposing the maximum prisonterm.' (Emphasis in original.)" Id.
 {¶ 30} Thus, the Supreme Court of Ohio found that R.C.2929.14(C) sets forth policy with respect to maximum sentences and R.C. 2929.19 (B)(2), the procedure for the sentencing judge to follow.
 {¶ 31} Here, Dellinger's sentence was not "contrary to law" by being greater than the permissible range of incarceration for his several offenses. He faced imprisonment for 38 1/2 years if all terms were consecutive (10 for the merged robbery/aggravated robbery, a first degree felony; 8 each for the two separate burglaries and the kidnapping, all felonies of the second degree; 18 months for the fourth degree offense of disrupting public service; and 12 months for two theft offenses and possession of criminal tools, all fifth degree felonies.) Instead, he was given a total prison term of 16 years — well short of the aggregate maximum and consecutive sentence. As part of his sentence Dellinger received a maximum prison term of 8 years for the second burglary, a felony of the second degree.
 {¶ 32} In this case, as the evidence showed at trial, and was considered by the trial judge, an elderly man with Parkinson's disease and arthritis was victimized twice in two days. Although the court set forth its rationale in the sentencing entry of October 23, 2002, the trial judge did not specifically characterize the defendant at the sentencing hearing as an "offender who committed the worst form of the offense" or as one "who posed the greatest likelihood of committing future crimes" even though either of these statements were supported by facts developed at trial.
 {¶ 33} With respect to meeting the statutory requirements at the sentencing hearing, the judge must follow R.C. 2929.19. In pertinent part, the statute reads:
 {¶ 34} "(B)(1) At the sentencing hearing * * *
 {¶ 35} "(2) The court shall impose a sentence and shall makea finding that gives its reasons for selecting the sentence
imposed in any of the following circumstances:
 {¶ 36} "* * *
 {¶ 37} "(a) [when imposing prison sentence for felonies of the fourth or fifth degree];
 {¶ 38} "(b) [in refusing to impose prison for felonies of first, second degree and those offenses with presumptions for prison];
 {¶ 39} "(c) [for consecutive sentences];
 {¶ 40} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14
of the Revised Code, its reasons for imposing the maximum prison term;
 {¶ 41} "(e) If the sentence is for two or more offensesarising out of a single incident and it imposes a prison term forthose offenses that is the maximum prison term allowed for theoffense of the highest degree by division (A) of section 2929.14
of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 42} Thus, the court would be required to make findings and give reasons under R.C. 2929.19(B)(2)(e) only if Dellinger were being given 10 years for a first degree felony, the highest degree among his multiple offenses. As this was not so, the Court was not improper in its sentencing and the case need not be remanded for a recitation on the record. I would find both assignments of error not well-taken and would affirm appellant's sentence.